JOHN LAWLESS, Respondent, v. LACLEDE GAS LIGHT COMPANY, Appellant.

72 679
95 ²232

St. Louis Court of Appeals, January 4, 1898.

1. **Damages**: EVIDENCE. In an action for damages for the impairment of plaintiff's health, resulting from poisonous water getting into plaintiff's shoes, through no fault of plaintiff's, while engaged for defendant in breaking through the wall of an abandoned cistern,— *Held*: That plaintiff's claims, that the water was poisonous, that it flowed into his shoes, without his fault, and that its contact with his feet produced the malady complained of, were fairly established by the evidence.

2. **Master and Servant**: LIABILITY OF MASTER FOR POSSIBLE DANGERS TO SERVANT. But held, on an allegation of the petition charging negligence: That defendant's duty was to guard plaintiff against probable, not *possible* dangers.

*Appeal from the St. Louis City Circuit Court.*— HON. JOHN A. TALTY, Judge.

REVERSED.

*I. H. Lionberger* for appellant.

Negligence is the failure to do what the law requires to be done. Where there is no duty there can be no negligence. *R. R. v. Jones*, 95 U. S. 441.

The law does not impose upon the master the obligations of an insurer. He is not responsible for

occurrences which a reasonably intelligent and prudent man could not have anticipated and provided against. Nor is he liable for injuries which result from obvious, but unavoidable risks, which are as well known to the servant as to the master, and are necessarily incident to the work.   Poll. on Torts, 36;  *Boyd v. Graham*, 5 Mo. App. 406, 407;  *O'Donnell v. Baum*, 38 *Id*. 245;  *Higgins v. R. R.*, 43 *Id*. 547;  *Breen v. Cooperage Co.*, 50 *Id*. 203;  *Watson v. Coal Co.*, 52 *Id*. 367;  *Guffy v. R. R.*, 53 *Id*. 462;  *Fugler v. Boethe*, 56 *Id*. 443, 117 Mo. 475;  *O'Malley v. R. R.*, 113 Mo. 321;  *Henry v. R. R.*, *Id*. 526;  *Burnes v. R. R.*, 129 *Id*. 41;  *Nugent v. Milling Co.*, 131 *Id*. 245.

The injuries for which damages are allowable must be such as might have been apprehended as the probable result of the neglect of proper precautions, not of such neglect and wholly unforeseen and unusual concurring causes, which have an immediate connection with the injury.   *Breen v. Ins. Co., supra; Fusch v. St. Louis*, 133 Mo. 201;  *R. R. v. Eliot*, 5 C. C. A. 368.

*Kinealy & Kinealy* for respondent.

It was the duty of defendant to exercise the care of a prudent person engaged in the same work under similar circumstances to protect plaintiff from danger, and as fair minded men would differ as to whether or not defendant had performed this duty, the question was one for the jury to decide, and their decision is final.   14 Am. and Eng. Ency. Law, 877;  Wood on Mas. and Ser., sec. 354;  *Stanley v. R. R.*, 114 Mo. 606;  *Schroeder v. R. R.*, 108 *Id*. 322;  *Gutride v. R. R.*, 105 *Id*. 520;  *Burton v. R'y*, 32 Mo. App. 455;  *Steel Co. v. Schymanowski*, 162 Ill. 447;  *Shortel v. St. Joseph*, 104 Mo. 114;  *Stephens v. R. R.*, 96 *Id*. 207;  *Keegan v.*

*Kavanaugh,* 62 *Id.* 230; *Bradley v. R'y,* 39 S. W. Rep. 763; *Sullivan v. R. R.,* 107 Mo. 66; *Henry v. R'y,* 113 *Id.* 525; *Gratiot v. R'y,* 116 *Id.* 450; *O'Mellia v. R'y,* 115 *Id.* 205; *Bowen v. R. R.,* 95 *Id.* 268.

The fact that appellant's counsel argues that there was no negligence on defendant's · part, and the trial judge and jury decided that there was, is conclusive on appellant that fair minded men might differ on the question. *R. R. v. Stout,* 17 Wall. 657; *Gratiot v. R'y,* 16 S. W. Rep. 384.

BIGGS, J.—In 1894 the plaintiff was employed by the defendant as a day laborer. The defendant had occasion to make a gas connection with a house on Cottage avenue. The plaintiff and another laborer were sent to do the work. They were in charge of a foreman. In boring the hole for the connecting pipe from the cellar of the building to the main gas pipe in the street, the owner encountered an obstruction immediately under the granitoid sidewalk and about three feet below the surface of the walk. The workmen were ordered by the foreman to dig a trench at the point of difficulty. They did so, and found that the obstruction was a brick wall. The foreman then ordered them to run a tunnel through the wall. In attempting this they dug a hole about three feet deep, and finding that place not feasible, it was abandoned. The foreman then ordered the plaintiff to fill up the tunnel and to break a hole through the wall large enough to receive the gas pipe. This the plaintiff did, and it was then ascertained that the wall enclosed an abandoned cistern. The cistern had been filled up with dirt and rubbish, and it contained some water. When the wall was broken the water ran into the trench where the plaintiff was at work and some of it got into his shoes. He now claims that the water was

poisonous, and that its contact with his feet resulted in eczema, which disease had subsequently destroyed his health and had rendered him incapable of performing any kind of work. He sues in this action for the resulting damage. The gist of the action is that the defendant failed in its duty to plaintiff, that is, the foreman failed to provide a reasonably safe place for him to work. This charge involves the propositions, *first*, that the water in the cistern was poisonous; *second*, that through no fault of the plaintiff the water flowed into his shoes; *third*, that the contact of the water with plaintiff's feet produced the malady complained of, and *fourth*, that the defendant knew, or by the exercise of ordinary care could have known, of the danger. At the close of the plaintiff's evidence, and also at the close of all the evidence, the court refused to direct a nonsuit. There was a judgment for plaintiff for $2,500, from which the defendant has appealed. The defendant contends here that the evidence is not sufficient to support the judgment.

It is clear that the judgment must be reversed if the evidence fails to establish any one of the foregoing constitutive facts. Counsel for defendant urges that it supports none of them. To this we can not agree. In our opinion the first, second and third propositions are fairly established by the evidence. The evidence of plaintiff tends to prove that in breaking the hole in the wall the plaintiff stood in the trench; that when the wall was broken the water suddenly rushed out and filled his shoes before he could get out of the ditch; that within a few days thereafter his feet began to swell and the skin and flesh thereof to crack; that the malady subsequently extended to his entire body, and that previous to the doing of the work he had been free from any eczematious trouble. His physician testified that he was

DAMAGES: evidence.

Lawless v. Laclede Gas Light Co.

afflicted with what is termed "traumatic eczema," that is eczema caused by an injury, and he gave it as his opinion that the disease was probably produced by the effects of the water. As to the last proposition stated above, we think that the evidence falls short. The alleged negligence consists in the failure by the defendant to perform a legal duty, in that it failed to furnish plaintiff a reasonably safe place to work. What did the defendant owe to plaintiff in this respect? It was its duty to exercise reasonable care in providing a reasonably safe place for plaintiff to do the work required of him; that is, it was the defendant's duty to guard plaintiff against probable, but not *possible* dangers. In protecting his servant, the master is not expected to be omniscient, hence the rule that he is not to be held as the insurer of the safety of the servant. "A reasonably prudent man," says Pollock, "can be guided only by a reasonable estimate of probabilities. If men went about to guard against every risk to themselves or others which might by ingenious conjecture be conceived as possible, human affairs could not be carried on at all. The reasonable man will neither neglect what he can forecast as probable, nor waste his anxiety on events that are barely possible. He will order his precautions by the measure of what appears likely in the known case of things. If in a particular case the harm complained of is not such as a reasonable man should have seen as likely to happen, there is no wrong and no liability." Pollock on Torts, p. 45. In *Boyd v. Graham*, 5 Mo. App., it was said that a man in conducting his business was not bound to use "every possible precaution, otherwise the ordinary affairs of life could not be blamelessly carried on, except under precautions which would render life a burden." Now, admitting in the present case that the

*Margin note:* MASTER and servant: liability of master for possible dangers to servant.

foreman knew, or had good reason to suspect, that the wall enclosed a cistern, does it not follow that he must have also suspected that the receptacle contained water; that the water was poisonous and that was likely to flow upon and injure plaintiff in the manner charged? That such conditions existed and that such a result would follow from the execution of the work, were the barest possibilities and which could not have been reasonably anticipated by anyone. The evidence of the plaintiff himself proves this. Judging from his testimony, he is a person of considerable intelligence. He says that he did not anticipate the least danger to himself in obeying the order. In reason he could not have anticipated any danger except possibly from the crumbling of the wall or the caving of the sidewalk, events which did not occur. The only result of the aperture in the wall was to admit a small quantity of stagnant water into the trench. Some of the water and some slime got into plaintiff's shoes and wetted his stockings. The fact that he did not immediately remove his shoes and stockings, but continued his work for several hours afterward, proves that he had no suspicion that the water was poisonous, and was likely to injure him, although he had noticed that it was of a dark color and gave forth an offensive odor. If the plaintiff did not suspect the danger, after knowledge of all the facts, by what show of reason can it be said that the defendant's foreman ought to have anticipated that there was water in the cistern, that it was poisonous, that it was likely to flow upon the plaintiff while at work in the trench, and that he would be poisoned thereby? It is not necessary to extend the discussion. We think it clear that the defendant is not liable in the action. The judgment will be reversed. All the judges concur.